# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAWK, | Case No. 1:16-cv-00795-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITIONER'S APPLICATION TO STAY AND ABEY PETITION |
| v. | |
| DAVID DAVEY, et al., | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| Respondents. | (ECF No. 2) |

Petitioner is a state prisoner, represented by counsel, proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner challenges his convictions sustained in the Kings County Superior Court for murder for financial gain, wilfully failing to file tax returns, misappropriating trust property in excess of $50,000, making false financial statement, and perjury. Petitioner was sentenced to life without the possibility of parole plus nine years. (ECF No. 1 at 1).[1] The California Court of Appeal, Fifth Appellate District, affirmed the judgment on August 27, 2014, and the California Supreme Court denied the petition for review on November 12, 2014. The United States Supreme Court denied certiorari on April 27, 2015. (Id. at 2). Petitioner's state habeas petitions filed in the California Court of Appeal, Fifth Appellate District, and the California Supreme

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

Court were summarily denied on April 26, 2016, and June 8, 2016, respectively. (Id. at 3).

On June 8, 2016, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Petitioner raises the following claims in his federal habeas petition: (1) the prosecution's failure to provide exculpatory and impeachment evidence as required by Brady v. Maryland, 373 U.S. 83 (1963); (2) the required prejudice showing under Brady; (3) the trial court's failure to grant change of venue; and (4) insufficient evidence to support Petitioner's murder conviction.

## II.

## DISCUSSION

A petitioner in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Petitioner acknowledges that his fourth claim for relief is now unexhausted based on newly discovered evidence. (ECF No. 1 at 5, ECF No. 2). Petitioner requests the Court to hold the petition in abeyance pending resolution of the unexhausted claim in state court pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 2 at 3). Given "that a motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the unexhausted claims," the undersigned shall submit findings and recommendation rather than rule on the motion. Mitchell v. Valenzuela, 791 F.3d 1166, 1171, 1173–74 (9th Cir. 2015).

Under Rhines v. Weber, "stay and abeyance" is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. Here, the victim's remains were discovered on March 22, 2016, and Petitioner has a motion pending in state court for the remains to be forensically examined and for DNA evidence to be tested. The motion currently is set for hearing on August 29, 2016. (ECF No. 2 at 2). In his fourth claim for relief, Petitioner asserts that there was no evidence that Petitioner had been present in the victim's home and van at the time of her

disappearance, and that the prosecution did not refute Petitioner's claim that he was not present. (ECF No. 1 at 5). Petitioner contends that the newly discovered evidence provides additional support that Petitioner was not present at the time of the homicide. (ECF No. 2 at 2). The Court finds that there is good cause for the failure to exhaust, that the unexhausted claim is not plainly meritless, and that Petitioner has not intentionally engaged in dilatory litigation tactics. See Gonzalez v. Wong, 667 F.3d 965, 980 (9th Cir. 2011).

### III.

### RECOMMENDATION AND ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that Petitioner's application to stay and abey the petition pursuant to Rhines be GRANTED. Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2016**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE