# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAWK, | Case No. 1:16-cv-00795-JLT-EPG-HC |
| Petitioner, | ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY AND DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL |
| v. | |
| DAVID DAVEY, et al, | |
| Respondents. | (ECF No. 52) |
| | ORDER DIRECTING PETITIONER TO FILE FIRST AMENDED PETITION WITHIN SIXTY DAYS |
| | ORDER DIRECTING CLERK OF COURT TO SERVE ORDER ON PETITIONER AND SEND PETITIONER BLANK *IN FORMA PAUPERIS* AND § 2254 FORMS |

Petitioner David Hawk is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 28, 2016, the Court stayed the federal habeas proceedings pending exhaustion of state remedies pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 7). On September 27, 2021, the Court lifted the stay and ordered Respondent to file a response to the petition. (ECF No. 39). On January 24, 2022, the Court vacated the briefing schedule to give Petitioner the opportunity to amend his petition given that he has exhausted his claims in state court and the current petition contains outdated facts. (ECF No. 48).

1

1       On March 3, 2022, counsel for Petitioner filed a motion to withdraw as counsel of record.

2 (ECF No. 49). The Court denied the motion without prejudice for failure to comply with Local

3 Rule 182(d). (ECF No. 50). On April 6, 2022, counsel for Petitioner filed a new motion to

4 withdraw as counsel of record. (ECF No. 52).

5       Local Rule 182(d) provides in pertinent part:

> [A]n attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

10 Here, Mr. Coleman has notified all parties of the motion to withdraw and has provided the Court

11 with an affidavit stating Petitioner's current address. (ECF No. 52 at 2). As Mr. Coleman has

12 complied with Local Rule 182(d), and no opposition to the motion has been filed, the Court will

13 grant counsel's motion to withdraw as Petitioner's attorney.

14       Mr. Coleman states that he has "been informed that neither [Petitioner] nor his family

15 have any financial resources available to continue to fund further litigation" and requests

16 appointment of new counsel to represent Petitioner in this matter. (ECF No. 52 at 2). There

17 currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g.,

18 Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481

19 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at

20 any stage of the proceeding for financially eligible persons if "the interests of justice so require."

21 See Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts, 28

22 U.S.C. foll. § 2254. To determine whether to appoint counsel, the "court must evaluate the

23 likelihood of success on the merits as well as the ability of the petitioner to articulate his claims

24 *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952,

25 954 (9th Cir. 1983).

26       Here, it is not certain that Petitioner is financially eligible for appointment of counsel, and

27 there is nothing in the motion demonstrating that Petitioner is unable to articulate his claims *pro*

28 *se* or that Petitioner's case involves issues more complex than a typical habeas petition such that

appointment of counsel is warranted. Accordingly, the request for appointment of new counsel is denied without prejudice.

Accordingly, the Court HEREBY ORDERS that:

1. The motion to withdraw as counsel (ECF No. 52) is GRANTED;
2. The request for appointment of new counsel is DENIED WITHOUT PREJUDICE;
3. Petitioner is DIRECTED to file a First Amended Petition within **SIXTY (60) days** of the date of service of this order; and
4. The Clerk of Court is DIRECTED to:
    a. Serve this order on Petitioner at his current address:

    > Mule Creek State Prison
    > P.O. Box 409099
    > Ione, CA 95640

    b. Send Petitioner blank *in forma pauperis* and § 2254 forms.

IT IS SO ORDERED.

Dated:   **May 16, 2022**             /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE